IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSARY SCANDILIATO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **CIVIL ACTION NO. 05-0223-L** |
| | ) |
| **CAROL JOHNSON, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the following: defendant, Carol Johnson's, Motion to Dismiss (Doc. 8) and brief in support (Doc.10); defendant, Safeco Insurance Company of Illinois' ("Safeco") Motion to Dismiss (Doc. 9) and brief in support (Doc. 11); plaintiff's unopposed motion to amend complaint (Doc. 16) and amended complaint (Doc. 17) [1] and plaintiff's opposition to defendants' motions to dismiss. (Doc. 18)  The parties have previously executed their written consent to the exercise of jurisdiction in this action by a United States Magistrate Judge, in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.  (See Doc. 15)  Upon consideration, and for the reasons outlined herein, plaintiff's motion to amend (Doc. 16) is **DENIED;** defendant Carol Johnson's motion to dismiss (Doc. 8) is held in abeyance, and  Safeco's motion to dismiss (Doc. 9) is **MOOT.**

I.   Background

This action arises from an automobile accident involving a vehicle in which plaintiff was a

---

[1] In light of the court's ruling denying plaintiff's motion to amend, plaintiff's amended complaint (Doc. 17) is **STRICKEN.**

passenger which was struck by a vehicle owned and operated by the defendant Carol Johnson.[2] Plaintiff filed the instant complaint on or about April 14, 2005 naming as defendants, Carol Johnson, Safeco Insurance Company of Illinois and American National Insurance Company. (Doc. 1) Safeco and Johnson filed pre-answer motions to dismiss on the grounds, in sum, that plaintiff failed to allege a proper jurisdictional basis for the complaint and that the complaint was insufficient pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. (See Docs. 10, 11) Safeco further moved for dismissal on the grounds, in sum, that no direct cause of action exists against an insurer of a tortfeasor until such time as a judgment has been taken against the tortfeasor. (Doc. 11) In response, plaintiff filed an unopposed motion to amend the complaint, an amended complaint and a consolidated response to the motions. (Docs. 16, 17, 18)

II.     Discussion

Defendant Johnson moves the court to dismiss plaintiff's complaint on the grounds that "the Complaint contains no plain statement of the grounds upon which this Court's jurisdiction depends as required under Rule 8(a) of the Fed. R. Civ. P." (Doc. 10) Johnson argues that the complaint "lacks clarity" in that it "contains no indication of the city, county or State of the alleged accident." (Id.) Defendant further argues that "Plaintiff's Claim for Damages should be dismissed or, in the alternative, the Plaintiff should be ordered to amend her Claim for Damages to clearly specify the jurisdictional basis of her lawsuit." (Id.)

---

[2] Plaintiff's amended complaint alleges that her husband, Byron Scandiliato, was operating the vehicle in which she was a passenger at the time of the collision. (Doc. 17) Mr. Scandiliato is not a party to this action.

Likewise, Safeco moves for dismissal on the grounds that plaintiff has failed to allege a basis for jurisdiction in this court and accordingly, "the Claim for Damages should be dismissed or, in the alternative, the Plaintiff should be ordered to amend her Claim for Damages to clearly specify the jurisdictional basis of her lawsuit." (Id.) [3] Safeco further contends that plaintiff's complaint is due to be dismissed on the grounds that "a plaintiff has no direct cause of action against the insurer of a tortfeasor unless and until a judgment has been taken against the tortfeasor." (Doc. 11)

Rule 8(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  "Under the notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, complaints should be short and simple and should give the adversary notice of the claim." Lotierzo v. Woman's World Medical Center, Inc., 278 F.3d 1180, 1183 (11th Cir. 2002);  In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir.1995) ( "[F]or better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.") Notwithstanding the liberal notice pleading requirements of Rule 8(a), the court finds that plaintiff's original complaint fails to provide the defendants with even the basic information needed to frame a responsive pleading.  Specifically, the complaint fails to identify the state in which the parties are domiciled or the state in which the accident occurred.  (See Doc. 1) In

---

[3] Safeco is the automobile liability insurer for defendant Carol Johnson. (See Doc. 11)

sum, as argued by defendants, the complaint fails to allege a proper jurisdictional basis for this suit to be brought in federal court.

In response to defendants' motions to dismiss plaintiff has submitted an unopposed motion to amend, an amended complaint and a brief in response to the motions.  (Docs. 16, 17, 18)  Plaintiff maintains that she has "cured any jurisdictional deficiency" in the original complaint in the amended complaint and therefore, as to defendant Johnson, the motion to dismiss should be denied.  (Doc. 18) Plaintiff further responds that the "Amended Complaint does not name the liability insurer Safeco as a party defendant [and] [f]or this reason, the motion to dismiss is moot."  (Id.)

Plaintiff's amended complaint alleges jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332 (a)(1) "because the matter in controversy is between citizens of different states and exceeds the sum of $75, 000, exclusive of interests and costs."  (Doc. 17 at 2)  Plaintiff alleges that she "resides...[in] Jefferson Parish Louisiana" and on May 3, 2004 in Mobile, Alabama, the car in which she was a passenger was struck by a vehicle owned and operated by the defendant Carol Johnson, an individual "who resides...[in] Grand Bay, Alabama."  (Doc. 17)  Plaintiff alleges that as a result of the collision she sustained "serious bodily injuries" and seeks damages against defendants in the sum of $250,000.  (Doc. 17 at 2-3)

Plaintiff has failed to properly allege diversity.  See 28 U.S.C. § 1332(a).  28 U.S.C. § 1332 (a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States...".  Id.  Although plaintiff seeks damages in excess of $75,000, she alleges

4

*only* that the parties are *residents* of different states. While residence is one factor to be considered when determining place of citizenship or domicile, residence alone is not dispositive. See Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp.2d 1279, 1280 (M.D. Ala. 1998)("[A] person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment.") citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989); Jagiella v. Jagiella, 647 F.2d 561, 563 (5th Cir.1981). [4] See also Sunseri v. Marco Cellular Partners, __ F.3d ___, 2005 WL 1412940, *1 (11th Cir., June 17, 2005)("A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.' ") citing McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir.2002) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974)).

Plaintiff also seeks to add as a defendant American National Property & Casualty Company ("ANPAC"), identified as "the uninsured or under-insured motorist liability insurance carrier of plaintiff, Rosary Scandiliato." (Doc. 17 at 2) [5] Plaintiff further alleges that ANPAC has its home office in

---

[4] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[5] Plaintiff states that she "substitutes insurers in this Amended Complaint, replacing American National Insurance Company with ANPAC as the uninsured or under-insured motorist liability insurance carrier of plaintiff, Rosary Scandiliato." (Doc. 17 at 2) The docket sheet reflects that American National Insurance Company was served with the complaint on May 9, 2005. (Doc. 5) However, no answer has been filed on behalf of American National Insurance Company nor has plaintiff moved for an entry of judgment by default against this defendant.

Missouri with a satellite office in Texas and while ANPAC "is doing business in the State of Louisiana as ANPAC Louisiana Insurance Co., ...it is neither registered to do business in that state nor has [it] appointed an agent for service of process in Louisiana." (Doc. 17 at 1) Counsel for plaintiff represents that she has contacted opposing counsel and "[t]hey have no opposition and consent to the proposed amended complaint." (Doc. 16)

Plaintiff filed the motion to amend the complaint *after* defendants filed their motions to dismiss. Rule 15(a) of the Federal Rules of Civil Procedure [6] provides the district court with wide discretion in determining whether to grant leave to amend after the time for amendment as a matter of course has passed. See Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th Cir.1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed.R.Civ.P. 15(a)); Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir.1996) ( "Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough

---

[6] Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a).

to permit denial.")

Upon consideration, plaintiff's motion to amend is **DENIED.**  However, plaintiff is granted leave to refile an amended complaint on or before **July 28, 2005** clarifying the issue of diversity. Accordingly, the Court will defer ruling on defendant Johnson's motion to dismiss at this time.  As to Safeco, plaintiff concedes that Safeco is not a named defendant in the amended complaint. Accordingly, Safeco's motion to dismiss is **MOOT.**

**DONE** and **ORDERED** this the 14th day of July 2005.

/s/ Kristi D. Lee
**KRISTI  D.  LEE**
**UNITED STATES MAGISTRATE JUDGE**